1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEROY DEASON, | 1:12-cv-00117-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |
| v. | [Doc. 1] |
| JAMES D. HEARTLY, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

1    1983 is the proper method for a prisoner to challenge the conditions of that confinement.

2    McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499;  Badea, 931 F.2d at

3    574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

4           In this case, Petitioner's petition consists of incomprehensible rambling regarding certain

5    unspecific actions by various law enforcement agencies and prison staff.  An application for

6    federal habeas relief must specify all grounds for relief, state facts supporting each ground, and

7    state the relief requested.  Rule 2, Rules Governing Section 2254 Proceedings.  Rule 8 of the

8    Federal Rules of Civil Procedure requires "a short and plain statement of [each] claim showing

9    that the pleader is entitled to relief" and "a demand for the relief sought."  While the court must

10   liberally construe the allegations of a prison proceeding without counsel (see Roy v. Lampert,

11   465 F.3d 964, 970 (9th Cir. 2006)), the court cannot grant relief based on conclusory allegations

12   unsupported by specific facts.  Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir. 1995); James v.

13   Borg, 24 F.3D 20, 26 (9th Cir. 1994).  At this juncture, the Court cannot reasonably discharge its

14   responsibility under the applicable Rules.  After a review of the petition, the Court simply cannot

15   determine exactly what Petitioner is challenging or the relief he seeks.  The petition will therefore

16   be dismissed with leave to amend for Petitioner to file a petition that clearly and simply sets forth

17   his claims and supporting facts.

18          Accordingly, it is HEREBY ORDERED that:

19   1.     Petitioner has thirty days from the date of this order to file an amended petition for

20          writ of habeas corpus curing the deficiencies identified herein.  The amended

21          petition must bear the docket number assigned to this action and be labeled, "First

22          Amended Petition."

23   2.     The Clerk of Court is directed to send Petitioner the standard Petition for a Writ of

24          Habeas Corpus form; and

25   3.     The failure to comply with this order will result in dismissal.

26   IT IS SO ORDERED.

27   **Dated:    March 23, 2012**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE
28