1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8
9    STEVEN LEROY DEASON,                    1:12-cv-00117-DLB (HC)

10                        Petitioner,        ORDER DISMISSING AMENDED PETITION
                                             FOR WRIT OF HABEAS CORPUS,
11            v.                             DIRECTING CLERK OF COURT TO
                                             TERMINATE ACTION, AND DECLINING TO
12                                           ISSUE A CERTIFICATE OF APPEALABILITY
     JAMES D. HEARTLY,
13                                           [Doc. 7]
                          Respondent.
14   _____/

15
16          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of

18   the United States Magistrate Judge.  Local Rule 305(b).

                                             DISCUSSION
19
20          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

21   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

22   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

23   4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

24   (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

25   petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

26   2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

27   or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

28   Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

1

1  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

2  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5          In this case, Petitioner is seeking relief from alleged harassment and abuse by prison

6  guards at Avenal State Prison.  Petitioner is challenging the conditions of his confinement, not

7  the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief,

8  and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must

9  do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

10          The requirement that a petitioner seek a certificate of appealability is a gate-keeping

11  mechanism that protects the Court of Appeals from having to devote resources to frivolous

12  issues, while at the same time affording petitioners an opportunity to persuade the Court that,

13  through full briefing and argument, the potential merit of claims may appear.  Lambright v.

14  Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas

15  corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal

16  is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).

17  The controlling statute, 28 U.S.C. § 2253, provides as follows:

18          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
        judge, the final order shall be subject to review, on appeal, by the court of appeals for the
19      circuit in which the proceeding is held.

20          (b) There shall be no right of appeal from a final order in a proceeding to test the validity
        of a warrant to remove to another district or place for commitment or trial a person
21      charged with a criminal offense against the United States, or to test the validity of such
        person's detention pending removal proceedings.

22
        (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
23      not be taken to the court of appeals from--

24              (A) the final order in a habeas corpus proceeding in which the detention
            complained of arises out of process issued by a State court;  or
25

26              (B) the final order in a proceeding under section 2255.

27          (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
        made a substantial showing of the denial of a constitutional right.
28

1    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
2    or issues satisfy the showing required by paragraph (2).

3    Accordingly, final orders issued by a federal district court in habeas corpus proceedings

4 are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

5 petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

6 certificate of appealability when a petitioner makes a substantial showing of the denial of a

7 constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

8 establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

9 should have been resolved in a different manner or that the issues presented were 'adequate to

10 deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)

11 (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

12    In the present case, the Court finds that Petitioner has not made the required substantial

13 showing of the denial of a constitutional right to justify the issuance of a certificate of

14 appealability.   Reasonable jurists would not find it debatable that Petitioner has failed to show

15 an entitlement to federal habeas corpus relief.  Accordingly, the Court declines to issue a

16 certificate of appealability.

17                        <u>ORDER</u>

18    Based on the foregoing, it is HEREBY ORDERED that:

19    1.      The instant petition for writ of habeas corpus is DISMISSED;

20    2.      The Clerk of Court is directed to terminate this action; and

21    3.      The Court declines to issue a certificate of appealability.

22    IT IS SO ORDERED.

23    **Dated:   April 27, 2012**            **/s/ Dennis L. Beck**
24                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28